# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| PHILLIP LEE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:19-cv-00054-ACL |
| | ) |
| JOHN COOPER, | ) |
| | ) |
| Defendant, | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiffs Phillip and Odessa Lee for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the financial information submitted in support, the Court finds that the motion should be granted. Additionally, for the reasons discussed below, plaintiffs will be directed to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The

court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiffs are pro se litigants who filed this civil action against defendant John Cooper on April 4, 2019. (Docket No. 1). They assert that this Court has jurisdiction based on a federal question. (Docket No. 1 at 3). Specifically, in the jurisdictional section of the form complaint, plaintiffs state that they bought a house at 843 Poplar Street, Poplar Bluff, Missouri, from defendant Cooper, and that they paid two times the value of the property. They state that they

had a notarized agreement between themselves and Cooper, but that Judge John Shock in Butler County, Missouri, did not honor the agreement.

In the "Statement of Claim," plaintiffs assert that in 1996, they purchased the property pursuant to a "rent to own" agreement between themselves and defendant Cooper. (Docket No. 1 at 5). Plaintiffs allege that Cooper never gave them the deed, even after paying for the house. Indeed, they state that they have paid twice the amount in the agreement. They further note that Cooper signed and notarized legal documents to this effect. (Docket No. 1-1 at 1-2).[1] Plaintiffs claim that they have lived on the property for twenty-three years and "would have never just paid rent" for that long a period of time. (Docket No. 1 at 6).

On May 28, 2019, plaintiffs filed a supplement to the complaint. (Docket No. 6). The supplement consists of a number of written documents, including: a Section 8 Lease Addendum, covering the period from December 28, 1998 to November 30, 1999; a state-court petition filed by defendant Cooper against plaintiffs, seeking recovery of possession for non-payment of rent; various letters to the Federal Emergency Management Agency (FEMA); a letter from a notary public; a letter from an attorney to plaintiffs, advising plaintiffs that a state court had determined that they owed $6,000 in back rent; a letter from State Farm Fire and Casualty Company to plaintiffs, advising them that they had an outstanding balance; and a Housing Assistance Payments Contract.

Plaintiffs seek to either have their earnest money paid in full or to receive the return of the property. (Docket No. 1 at 5).

---

[1] The documents that plaintiffs have attached to the complaint will be treated at part of the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

## Discussion

Plaintiffs allege that defendant Cooper violated a rent-to-own agreement whereby plaintiffs would attain ownership of 843 Poplar Street, Poplar Bluff, Missouri, after making a certain number of payments. From the face of the complaint, however, it does not appear that the Court has subject matter jurisdiction. Thus, for the reasons discussed below, plaintiffs will be directed to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

### A. Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian*

*Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Here, plaintiffs have specifically asserted the existence of federal question jurisdiction. As explained below, though, they have not demonstrated that either federal question or diversity of citizenship jurisdiction exists.

### B. Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). A plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

Here, plaintiffs have not shown that their case implicates any federal statutes, federal treaties, or provisions of the United States Constitution. Furthermore, plaintiffs' action is not directed against a federal official, a federal agency, or the federal government itself. Rather, plaintiffs' complaint appears to be an ordinary contract dispute between private, non-state actors, in which plaintiffs accuse defendant of breaching an agreement to sell them property. Indeed, this particular property was the subject of a state court action filed by defendant Cooper against plaintiffs. *See Cooper v. Lee, et al.*, No. 17BT-CV02542 (36th Cir., Butler County). In that case, plaintiffs were found to owe $6,000 in back rent and were ordered to vacate the premises.[2] Thus, plaintiffs have failed to demonstrate the existence of federal question jurisdiction.

## C. Diversity Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer

---

[2] The Court reviewed this case on Case.net, Missouri's online case management system, and takes judicial notice of these state public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"). According to the records on Case.net, this civil action was filed by Cooper on November 7, 2017. Cooper alleged that plaintiffs were his tenants and that they were in arrears on rent owed him. Plaintiffs, represented by counsel, filed an answer denying Cooper's allegations. The answer also invoked the doctrines of constructive contract, unclean hands, unjust enrichment, substantial performance, and quantum meruit. Plaintiffs also filed a counterclaim for quiet title to the property. In their defense, plaintiffs relied on the same exhibits that are presently before the Court. Specifically, plaintiffs presented letters addressed to FEMA in which Cooper purports to advise FEMA that he has sold the house at 843 Poplar Street to plaintiffs. Following trial, circuit court Judge Shock filed a docket memorandum and a written judgment, finding for Cooper against plaintiffs. Judge Shock found there was no verbal agreement between the parties to purchase the property, and that the arrangement between Cooper and plaintiffs was that of landlord and tenants. Judge Shock also determined that the letters written to FEMA were written at the behest of plaintiff Odessa Lee for the purpose of helping Phillip and Odessa Lee obtain money from FEMA to repair the house. Ultimately, Judge Shock found that the letters were insufficient to show an agreement for the purchase of real estate. A notice to vacate premises was issued on January 28, 2019 and executed on February 7, 2019. Plaintiffs thereupon filed the instant action in federal court on April 4, 2019.

jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. *See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention to remain there. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Here, plaintiffs have not provided a jurisdictional amount over $75,000. Indeed, they do not indicate a specific amount they are seeking to recover. Moreover, plaintiffs and defendant are all alleged to be citizens of the State of Missouri, meaning there is no diversity between the parties. Thus, plaintiffs have failed to demonstrate the existence of diversity of citizenship jurisdiction.

**D. Order to Show Cause**

As discussed above, plaintiffs have not adequately provided a basis for this Court's jurisdiction. If the Court determines at any time that it lacks subject matter jurisdiction, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). Therefore, plaintiffs will be ordered to show cause within thirty (30) days of the date of this order as to why this case should not be dismissed for lack of subject matter jurisdiction. Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

### E. Motion to Appoint Counsel

Plaintiffs have filed a motion to appoint counsel (Docket No. 3). The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiffs have demonstrated, at this point, that they can adequately present their claims to the Court. Additionally, plaintiffs are being directed to show cause why their complaint should not be dismissed for lack of subject matter jurisdiction. The Court will entertain future motions for appointment of counsel as the case progresses and if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

8

**IT IS FURTHER ORDERED** that plaintiffs are required to show cause in writing and within **thirty (30) days** of the date of this order why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that failure to comply with this order will result in the dismissal of this case without prejudice and without further notice.

Dated this 2nd day of August, 2019.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE