UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP LEE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00054-ACL |
| | ) | |
| JOHN COOPER, | ) | |
| | ) | |
| Defendant, | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on review of the response of plaintiffs Phillip and Odessa Lee to the Court's August 2, 2019 order to show cause. (Docket No. 8). The Court had ordered plaintiffs to show cause why their case should not be dismissed for lack of subject matter jurisdiction. Having reviewed plaintiffs' response, and for the reasons discussed below, the Court must dismiss this action without prejudice.

### Background

Plaintiffs are pro se litigants. On April 4, 2019, they filed a civil action against defendant John Cooper alleging that Cooper reneged on a rent-to-own agreement concerning property at 843 Poplar Street in Poplar Bluff, Missouri. (Docket No. 1). Plaintiffs asserted that this Court had jurisdiction based on a federal question. (Docket No. 1 at 3). However, in the jurisdictional section of plaintiffs' form complaint, plaintiffs failed to support this assertion with relevant facts. Instead, they merely alleged that they had purchased a house in Poplar Bluff from defendant Cooper, paying twice the value for it. In the section of the form complaint where plaintiffs were directed to list any "federal officials or federal agencies" involved in their case, they listed the name of Missouri circuit judge John Shock.

In the "Statement of Claim," plaintiffs asserted that in 1996, they purchased the property at 843 Poplar Street pursuant to a rent-to-own agreement between themselves and defendant Cooper. (Docket No. 1 at 5). Plaintiffs alleged that Cooper never gave them the deed to the property, even after paying twice the amount in the agreement. In support, plaintiffs noted that Cooper had signed and notarized legal documents to this effect. (Docket No. 1-1 at 1-2).[1] Plaintiffs claimed to have lived on the property for twenty-three years, and that they "would have never just paid rent" for so long a period of time. (Docket No. 1 at 6).

As relief, plaintiffs sought to either have their earnest money paid in full or to receive the return of the property. (Docket No. 1 a 5).

On May 28, 2019, plaintiffs filed a supplement to their complaint. (Docket No. 6). The supplement consisted of a number of written documents, including: a Section 8 Lease Addendum, covering the period from December 28, 1998 to November 30, 1999; a state-court petition filed by defendant Cooper against plaintiffs, seeking recovery of possession for non-payment of rent; various letters to the Federal Emergency Management Agency (FEMA); a letter from a notary public; a letter from an attorney to plaintiffs, advising plaintiffs that a state court had determined that they owed $6,000 in back rent; a letter from State Farm Fire and Casualty Company to plaintiffs, advising them that they had an outstanding balance; and a Housing Assistance Payments Contract.

On August 2, 2019, the Court ordered plaintiffs to show cause why their complaint should not be dismissed for lack of subject matter jurisdiction. (Docket No. 7). In particular, the Court noted that despite asserting the existence of federal question jurisdiction, plaintiffs had failed to demonstrate that their case implicated any federal statutes, any federal treaties, or any provisions

---

[1] The documents that plaintiffs have attached to the complaint will be treated at part of the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

2

of the United States Constitution. (Docket No. 7 at 6). Petitioners were given thirty days in which to file a response. (Docket No. 7 at 7). They were advised that a failure to comply with the Court's order would result in the dismissal of their case without prejudice and without further notice.

Plaintiffs duly filed their response on September 3, 2019. (Docket No. 8).

## Plaintiffs' Response

Plaintiffs' response to the Court's order to show cause essentially restates the allegations made in their original complaint. They state that they had a rent-to-own agreement with defendant Cooper in which they would make payments to Cooper for the house at 843 Poplar Street with the intention of owning it one day. (Docket No. 8 at 1). However, even after paying twice the purchase price, Cooper did not transfer ownership of the property. Plaintiffs accuse Cooper of mental cruelty, robbery, stealing, fraud, and deceitfulness. They also claim that "Cooper is a thief" who has "robbed" others.

Beyond restating their claims, much of the response is devoted to detailing plaintiffs' current difficulties regarding housing and their health. (Docket No. 8 at 1-2). At no point, however, do plaintiffs attempt to demonstrate a basis for this Court's jurisdiction, as directed by the Court's order to show cause.

## Discussion

Plaintiffs allege that defendant Cooper violated a rent-to-own agreement whereby plaintiffs would attain ownership of 843 Poplar Street, Poplar Bluff, Missouri, after making a certain number of payments. Despite making twice the number of required payments, plaintiffs accuse Cooper of refusing to give them the deed. From the face of the complaint, it appears that the Court lacks subject matter jurisdiction. Because of this, plaintiffs were directed to show cause as to why this

3

case should not be dismissed on that basis. Having reviewed plaintiffs' response, and for the reasons discussed below, this action must be dismissed.

**A. Subject Matter Jurisdiction**

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Here, plaintiffs have specifically

asserted the existence of federal question jurisdiction. As explained below, however, they have not demonstrated that either federal question or diversity of citizenship jurisdiction exists.

## B. Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). A plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

Here, plaintiffs have not shown that their case implicates any federal statutes, federal treaties, or provisions of the United States Constitution. Furthermore, plaintiffs' action is not directed against a federal official, a federal agency, or the federal government itself. Rather, plaintiffs' complaint appears to be an ordinary contract dispute between private, non-state actors, in which plaintiffs accuse defendant of breaching an agreement to sell them property. Indeed, the house at 843 Poplar Street was already the subject of a state court action filed by defendant Cooper

against plaintiffs. *See Cooper v. Lee, et al.*, No. 17BT-CV02542 (36th Cir., Butler County). In that case, plaintiffs were found to owe $6,000 in back rent and were ordered to vacate the premises.[2]

Plaintiffs' response does not ameliorate this jurisdictional deficiency. To the contrary, their response simply restates their allegations against defendant Cooper, and lists the purported damages that Cooper has caused them. While sympathetic to plaintiffs' situation, the Court notes that the response is not relevant to the issue of federal question jurisdiction. There is nothing in the response to establish that this case involves anything more than an issue of state contract law, an issue that has already been litigated in state court, and which has resulted in an adverse decision for plaintiffs. Thus, plaintiffs have failed to demonstrate the existence of federal question jurisdiction.

### C. Diversity Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint

---

[2] The Court reviewed this case on Case.net, Missouri's online case management system, and takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"). According to the records on Case.net, this civil action was filed by Cooper on November 7, 2017. Cooper alleged that plaintiffs were his tenants and that they were in arrears on rent owed him. Plaintiffs, represented by counsel, filed an answer denying Cooper's allegations. The answer also invoked the doctrines of constructive contract, unclean hands, unjust enrichment, substantial performance, and quantum meruit. Plaintiffs also filed a counterclaim for quiet title to the property. In their defense, plaintiffs relied on the same exhibits that are presently before the Court. Specifically, plaintiffs presented letters addressed to FEMA in which Cooper purports to advise FEMA that he has sold the house at 843 Poplar Street to plaintiffs. Following trial, circuit court Judge Shock filed a docket memorandum and a written judgment, finding for Cooper against plaintiffs. Judge Shock found there was no verbal agreement between the parties to purchase the property, and that the arrangement between Cooper and plaintiffs was that of landlord and tenants. Judge Shock also determined that the letters written to FEMA were written at the behest of plaintiff Odessa Lee for the purpose of helping Phillip and Odessa Lee obtain money from FEMA to repair the house. Ultimately, Judge Shock found that the letters were insufficient to show an agreement for the purchase of real estate. A notice to vacate premises was issued on January 28, 2019 and executed on February 7, 2019. Plaintiffs thereupon filed the instant action in federal court on April 4, 2019.

making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id. See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention to remain there. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Here, plaintiffs have not provided a jurisdictional amount over $75,000. Indeed, they do not indicate any specific amount they are seeking to recover. Moreover, plaintiffs and defendant are all alleged to be citizens of the State of Missouri, meaning there is no diversity between the parties. Plaintiffs' response to the Court's order to show cause does not address the lack of a jurisdictional amount or the lack of diversity among the parties. Thus, plaintiffs have failed to demonstrate the existence of diversity of citizenship jurisdiction.

### D. Order of Dismissal

If the Court determines at any time that it lacks subject matter jurisdiction, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). As discussed above, plaintiffs failed to demonstrate a jurisdictional basis, either by asserting a federal question or establishing diversity of citizenship. Plaintiffs were given an opportunity to show cause why their case should not be dismissed for lack

of jurisdiction. However, their response failed to address the issue. Therefore, this action must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that this action is dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 26th day of Sept., 2019.

                                                  STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE